THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM KOPEL, Appellant, *v.* THEODORE A. BINGHAM, as Police Commissioner of the City of New York, Respondent.

1. CRIMES — REQUISITION — POWERS OF GOVERNOR OF PORTO RICO. Although Porto Rico is not a territory of the United States within the revenue clauses of the Constitution, it possesses most of the attributes of a territory, and the governor thereof has the same power as that possessed by the governor of any organized territory to issue a requisition for the return of a fugitive criminal, since the act of Congress organizing its government (31 U. S. Stat. at Large, 77 *et seq.*) provides (p. 80, § 14) that "the statutory laws of the United States not locally inapplicable  *  *  *

shall have the same force and effect in Porto Rico as in the United States," and (p. 80, § 17) that the governor "shall at all times faithfully execute the laws, and he shall in that behalf have all the powers of the governors of the territories of the United States that are not locally inapplicable," and one of the powers of governors of such territories is the authority to demand the rendition of fugitives from justice as provided in section 5278 of the United States Revised Statutes, and authorized by section 2 of article 4 of the United States Constitution.

2. SAME — HABEAS CORPUS — WHEN PROPERLY DISMISSED.  Where, therefore, the governor of this state receives a duly authenticated demand from the governor of Porto Rico for the arrest and deliverance to his specified agent of a fugitive from justice, it is his duty to issue the executive warrant of arrest provided for in section 827 of the Code of Criminal Procedure; and a habeas corpus proceeding instituted to procure the fugitive's release from custody under this warrant, on the ground that the governor of Porto Rico, under the Constitution and laws of the United States, possesses no authority to demand the rendition of a fugitive from justice who is charged with an offense against the laws of that island and has fled into one of the states of the Union, is properly dismissed.

*People ex rel. Kopel* v. *Bingham,* 117 App. Div. 411, affirmed.

(Argued June 3, 1907; decided June 14, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 12, 1906, which affirmed an order of Special Term overruling a demurrer to the return to a writ of habeas corpus and dismissing said writ.

The facts, so far as material, are stated in the opinion.

*Alfred R. Page* for appellant.  Extradition between states, territories and countries, subject to the jurisdiction of the United States, depends solely on the provisions of the Constitution of the United States and the acts of Congress. (*People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176.)  This case does not come within any provision of law for extradition between Porto Rico and this state.  (U. S. Const. art. 4, § 2; U. S. R. S. §§ 5270, 5279, 5728; *Neely* v. *Henkel,* 180 U. S. 109; *Ex parte Lane,* 133 U. S. 447; *Ex parte Morgan,* 20 Fed. Rep. 305; *Dorr* v. *U. S.,* 195 U. S. 138; *Thompson* v. *Utah,* 170 U. S. 343; *Downes* v. *Bidwell,* 182 U. S. 244; *Goetz* v. *U. S.,* 103 Fed. Rep. 72.)  The acts of Congress

relating to extradition cannot be extended by construction to apply to places other than those specified in the acts themselves. (*Downes* v. *Bidwell*, 182 U. S. 244.)

*William Travers Jerome*, District Attorney (*Robert S. Johnstone* of counsel), for respondent. Porto Rico is a "territory" of the United States within the meaning of the rendition statute. (*Ortega* v. *Lara*, 202 U. S. 339; U. S. Const. art. 4, § 3, subd. 2; *Mormon Church* v. *U. S.*, 136 U. S. 1, 42–44; *De Lima* v. *Bidwell*, 182 U. S. 1; *Murphy* v. *Ramsey*, 114 U. S. 15; *Downes* v. *Bidwell*, 182 U. S. 244; *National Bank* v. *County of Yankton*, 101 U. S. 129; *Ex parte Morgan*, 20 Fed. Rep. 298; *Matter of Lane*, 135 U. S. 443.) Even if Porto Rico is not technically a "territory" of the United States, there exists sufficient authority in the statutes to authorize the procedure adopted in this case for the extradition of the relator. (*Huus* v. *N. Y. & P. R. S. S. Co.*, 182 U. S. 392; *Gonzalez* v. *Williams*, 192 U. S. 1; *Ribas* v. *U. S.*, 194 U. S. 315; *Ex parte Reggel*, 114 U. S. 642; *Kentucky* v. *Dennison*, 65 U. S. 66.)

WILLARD BARTLETT, J. The relator, Abraham Kopel, is restrained of his liberty by Theodore A. Bingham, police commissioner of the city of New York, under an executive warrant issued by the governor of this state pursuant to the provisions of section 827 of the Code of Criminal Procedure relative to the apprehension and rendition of fugitives from justice. That warrant recites that it has been represented to the governor of the state of New York by the governor of Porto Rico that Abraham Kopel stands charged in that island with having committed therein in the district of Aquadilla the crime of embezzlement which the said governor certifies to be a crime under the laws of Porto Rico, and that the said Abraham Kopel has fled therefrom and taken refuge in the state of New York. It further recites that the governor of Porto Rico pursuant to the Constitution and laws of the United States has demanded of the governor of the state of

New York that he cause the said Abraham Kopel to be arrested and delivered to Samuel C. Bothwell, a person duly authorized to receive him into his custody and to convey him back to Porto Rico. The warrant thereupon requires the police commissioner to arrest and secure the said Abraham Kopel and after compliance with the requirements of section 827 of the Code of Criminal Procedure to deliver him into the custody of said Samuel C. Bothwell to be taken back to Porto Rico whence he fled.

The present habeas corpus proceeding was instituted in behalf of the relator to procure his release from custody under this warrant on the ground that the governor of Porto Rico under the Constitution and laws of the United States possesses no authority to demand the rendition of a fugitive from justice who is charged with an offense against the laws of that island and has fled into one of the states of the Union. The writ was dismissed at Special Term where the relator's demurrer to the respondent's return was overruled; and the order made at Special Term has been affirmed by the Appellate Division where it was held that Porto Rico is a territory within the meaning of section 5278 of the Revised Statutes of the United States relative to interstate extradition, and also that whether Porto Rico be a territory or not the governor of that island is legally authorized to make a demand for the rendition of a fugitive from justice who has fled into one of the states, with which demand it is the duty of the state executive to comply.

Whatever authority belongs to the governor of the state of New York to issue a warrant for the apprehension of a fugitive from justice must be found in the provisions of the Constitution of the United States relative to such fugitives and in the statutes enacted in pursuance of those provisions. (*People ex rel. Corkran* v. *Hyatt*, 172 N. Y. 176; affd., *sub nomine Hyatt* v. *Corkran*, 188 U. S. 691.)

The Constitution of the United States (Art. IV, sec. 2, clause 2) provides as follows:

" A person charged in any state with treason, felony or other

crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

In 1793 Congress gave effect to this provision by an act, the substance of which is still in force as section 5278 of the Revised Statutes of the United States, the material portion of which, so far as this proceeding is concerned, reads as follows:

" § 5278. Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled, to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

Although the constitutional provision which has been quoted applies in terms only to fugitives from one state to another state, it has been deemed when considered in connection with the power of Congress over the territories (Const. U. S. art. IV, sec. 3, subd. 2) to authorize the imposition of like duties upon the executive of a territory. (*Ex parte Reggel,* 114 U. S. 642.)

The provisions of the Federal Constitution and the Revised Statutes of the United States to which I have referred have been recognized and acted upon by the legislature of New York in the enactment of the statute which now constitutes section 827 of the Code of Criminal Procedure under which the executive warrant in this case was issued.

It is clear that if the island of Porto Rico was an organized territory, in all respects and for all purposes possessing the same legal status, for example, as Arizona or New Mexico, or as Utah before Utah was admitted into the Union, there could be no question as to the power of the governor of New York to cause the arrest and surrender of a Porto Rican fugitive from justice.    It is because the Supreme Court of the United States has refused to recognize Porto Rico as in all respects such a territory that the governor's authority is disputed; the foundation of the relator's claim in this respect being the decision in *Downes* v. *Bidwell* (182 U. S. 244, 287) to the effect that while the island of Porto Rico is a territory appurtenant and belonging to the United States it is not a part of the United States within the revenue clauses of the Constitution.

Notwithstanding this judicial declaration I am of opinion that the governor of Porto Rico is authorized to make the demand for the rendition of a fugitive from justice provided for in section 5278 of the Revised Statutes of the United States and contemplated by section 827 of the Code of Criminal Procedure of New York, and that it is the duty of the governor of this state upon receiving such a demand from the governor of Porto Rico duly authenticated as required by law to cause such fugitive to be arrested and delivered to the agent authorized by the governor of Porto Rico to receive him.

While not a territory within the revenue clauses of the Constitution, Porto Rico possesses most of the attributes of the organized territories which have so long been a feature of our general government.    It has been fully organized under an act of Congress prescribing many details of civil government in a scheme analogous to that provided for the territories within the continental boundaries of the United States.    It has an executive, legislative and judicial system of its own.    It is represented at the seat of general government by a resident commissioner elected by its citizens, and its local legislative powers, like those of the organized territories, are made subject to the disapproval of the Congress of the United States.    (See act approved April 12, 1900, 31 U. S. Statutes

9

**130**    People ex rel. Kopel *v.* Bingham.    [June,

Opinion of the Court, per Willard Bartlett, J. [Vol. 189.

at Large, page 77.) It is true that in this organic act Porto
Rico is not denominated a territory, but it is perhaps worthy
of note that in the general legislative, executive and judicial
appropriation act of 1906, the appropriations for the salary
of the resident commissioner from Porto Rico to the United
States and his traveling expenses appear under the title
"Territory of Porto Rico." (U. S. Statutes at Large, 1st
session, 59th Cong., part 1, page 417.) The organic act pro-
vides in section 14 that "the statutory laws of the United
States not locally inapplicable except as hereinbefore or here-
inafter otherwise provided, shall have the same force and
effect in Porto Rico as in the United States" except the inter-
nal revenue laws. (31 U. S. Statutes at Large, 80.) It is
further provided in section 17 that the governor "shall at all
times faithfully execute the laws and he shall in that behalf
have all the powers of governors of the Territories of the
United States that are not locally inapplicable." (31 U. S.
Statutes at Large, 81.) One of the powers of governors of
territories of the United States is the authority to demand the
rendition of fugitives from justice under section 5278 of the
Revised Statutes. This section of the organic act clearly con-
fers that power upon the governor of Porto Rico unless it can
be held that it is for some good and sufficient reason not locally
applicable to the affairs of that island. I am unable to per-
ceive any such reason, nor is any suggested in the brief of
the able counsel representing the relator on this appeal.
He merely argues that the provisions which I have quoted
from sections 14 and 17 must refer only to the administration
of the internal affairs of the island and that it was not the
intention of Congress "to extend these relations growing out
of interstate comity." But as was held by this court in
*People ex rel. Corkran* v. *Hyatt* (*supra*) the exercise of the
power of interstate rendition does not depend on comity at
all, but upon the positive provisions of the written law. The
constitutional power of Congress to enact the provisions to
which reference has been made from sections 14 and 17 of
the organic act under which Porto Rico is governed has not

been questioned, and I think that in order to give full effect to those provisions we must hold that the governor of Porto Rico has precisely the same power as that possessed by the governor of any organized territory to issue a requisition for the return of a fugitive criminal.   This was the conclusion reached by Judge Hough of the District Court of the United States for the Southern District of New York in passing upon a similar application by this same relator (*In re Kopel,* 148 Fed. Rep. 505), and the reasoning by which he reached that result seems to me sound and convincing.

I, therefore, advise an affirmance of the order under review.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Order affirmed.